# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 10-493V**

| | |
|---|---|
| YOLANDA MAZUREK, *as Guardian Ad Litem for minor son,* Q.M., | Special Master Corcoran |
| Petitioner, | Filed: November 4, 2016 |
| v. | Decision by Stipulation; Damages; Hepatitis B ("Hep B"); Haemophilus Influenzae type B ("HIB"); Diphtheria-Tetanus-acellular Pertussis ("DTaP"); IPV; Prevnar; Rotavirus; Seizure Activity; Expressive Language Disorder; Developmental Delay. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Neal J. Fialkow*, Neal Fialkow Esq., Pasadena, CA, for Petitioner.

*Linda S. Renzi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On July 29, 2010, Yolanda Mazurek filed a petition on behalf of her minor child, Q.M., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Q.M. suffered from seizure activity, expressive language disorder, learning disabilities, and developmental delays as a result of his August 21, 2007, receipt of the Hepatitis B ("Hep B"), Haemophilus Influenzae type B ("HIB"), Diphtheria-Tetanus-acellular Pertussis ("DTaP"), IPV, Prevnar, and Rotavirus vaccines. Moreover, Petitioner alleges that Q.M. experienced residual effects of these injuries for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the vaccines caused Q.M.'s alleged injuries, or any other injury or his current condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on November 4, 2016) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $786,949.21, representing compensation for first year life care expenses ($26,470.80), partial lost future earnings ($566,115.30), and pain and suffering ($194,363.11), in the form of a check payable to Petitioner as guardian/conservator of the estate of Q.M. for the benefit of Q.M. No payments shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as the guardian/conservator of Q.M.'s estate;

- A lump sum of $4,500.00, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioner;

- A lump sum of $24,983.28, representing reimbursement of a lien for services rendered on behalf of Q.M., in the form of a check payable jointly to Petitioner and

  Department of Health Care Policy and Financing
  1570 Grant Street
  Denver, CO 80203-1818
  Attn: Ron Vialpando
  State I.D. No.: G761987

  and;

- An amount sufficient to purchase the annuity contract described in Stipulation ¶ 9-10, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| YOLANDA MAZUREK, as Guardian Ad Litem for minor son, Q.M., | ) | |
| Petitioner, | ) | |
| v. | ) | No. 10-493V |
| | ) | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, Q.M., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Q.M.'s receipt of the Hep B, HIB, DTaP, IPV, Prevnar, and Rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Q.M. received the Hep B, HIB, DTaP, IPV, Prevnar, and Rotavirus immunizations on August 21, 2007.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Q.M. suffered seizure activity, expressive language disorder, learning disabilities, and developmental delays as a result of receiving the vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Q.M. as a result of his condition.

6. Respondent denies that the vaccines caused Q.M. to suffered seizure activity, expressive language disorder, learning disabilities, and developmental delays, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $786,949.21, which amount represents compensation for first year life care expenses ($26,470.80), partial lost future earnings ($566,115.30), and pain and suffering ($194,363.11), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of Q.M. for the benefit of Q.M. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of Q.M.'s estate;

b. A lump sum of $4,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Yolanda Mazurek;

c. A lump sum of $24,983.28 which amount represents reimbursement of a lien for services rendered on behalf of Q.M., in the form of a check payable jointly to petitioner and

Department of Health Care Policy and Financing<br>
1570 Grant Street<br>
Denver, CO 80203-1818<br>
Attn: Ron Vialpando<br>
State I.D. No: G761987

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Q.M., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of Q.M. for the following items of compensation:

a. For future unreimbursable Insurance Premium and Tenex expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,010.80 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $4,638.00 to be paid up to the anniversary of the date of judgment in year 2072, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Insurance Deductible, Neurologist, Developmental/ Behavioral Pediatrician or Child Psychiatry expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,720.00 to be paid up to the anniversary of the date of judgment in year 2025. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $1,555.00 to be paid up to the anniversary of the date of judgment in year 2072, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $166.00 to be paid for the remainder of Q.M.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $467.07 to be paid for the

remainder of Q.M.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

e. For future unreimbursable Aide Level Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $18,200.00 to be paid up to the anniversary of the date of judgment in year 2025. Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $26,000.00 to be paid for the remainder of Q.M.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,160.00 to be paid up to the anniversary of the date of judgment in year 2033. Thereafter, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $1,080.00 to be paid for the remainder of Q.M.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Vocational Rehabilitation, Job Development and Placement, and Job Coaching expenses, on the anniversary of the date of judgment in year 2029, a lump sum of $5,460.00. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $1,092.00 to be paid up to the anniversary of the date of judgment in year 2070, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Psychological Counseling expenses, beginning on the first anniversary of the date of judgment, an annual amount of $480.00. Then, beginning on the second anniversary of the date of judgment, an annual amount of $240.00 to be paid up to the anniversary of the date of judgment in year 2029, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Sensory Equipment expenses, beginning on the first anniversary of the date of anniversary of the date of judgment, an annual amount of $100.00 to be paid up to the anniversary of the date of judgment in year 2025, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Q.M. is alive at

the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of Q.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Q.M. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of Q.M.'s estate under the laws of the State of Colorado. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of Q.M.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Q.M. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Q.M. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of Q.M., on behalf of herself, Q.M., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Q.M. resulting from, or alleged to have resulted from, any of the vaccinations administered on August 21, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about July 29, 2010, in the United States Court of Federal Claims as petition No. 10-493V.

18. If Q.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused Q.M. to suffer seizure activity, expressive language disorder, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Q.M.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

YOLANDA MAZUREK

**ATTORNEY OF RECORD FOR PETITIONER:**

NEAL J. FIALKOW, ESQ.
Law Office of Neal J. Fialkow, Inc.
215 N. Marengo Ave., 3rd Floor
Pasadena, CA 91101
Tel: (626) 584-6060

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: November 4, 2016