# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-493V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| YOLANDA MAZUREK, *as Guardian Ad Litem for minor son,* Q.M., | \* \* \* \* | Special Master Corcoran |
| Petitioner, | \* \* | Filed: May 31, 2017 |
| v. | \* \* \* | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Neal Jordan Fialkow*, Neal Fialkow, Esq., Pasadena, CA, for Petitioner.

*Linda Sara Renzi*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING FINAL ATTORNEY'S FEES AND COSTS [1]

On July 29, 2010, Yolanda Mazurek filed a petition on behalf of her minor child, Q.M., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that Q.M. suffered from seizure activity, expressive language disorder, learning disabilities, and developmental delays as a result of his August 21, 2007, receipt of the Hepatitis B ("Hep B"), Haemophilus Influenzae type B ("HIB"), Diphtheria-Tetanus-acellular Pertusis ("DTaP"), IPV, Prevnar, and Rotavirus vaccines. The parties eventually filed a

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be published later, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix)

stipulation for damages on November 4, 2016 (ECF No. 88), which I adopted as my decision on damages the same day. ECF No. 89.

Petitioner has now filed a motion, dated May 3, 2017, requesting final attorney's fees and costs. *See* ECF No. 97 ("Fees Mot."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $115,761.01 ($85,779.17 in attorney's fees, plus $29,981.84 in costs).[3] *Id*. at 1. Respondent filed a document reacting to the fees request on May 24, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 98 at 2.

As a successful Vaccine Program petitioner, Ms. Mazurek is entitled to a fees and costs award. Although I have not previously decided if Petitioner's present counsel—Neal Jordan Fialkow Esq.— is entitled to forum rates, other special masters have found that attorneys similarly geographically located (in the Los Angeles area) were considered to practice in-forum. *See e.g., Davis v. Sec'y of Health & Human Servs.*, No. 14-978V, 2017 WL 656304 (Fed Cl. Spec. Mstr. Jan. 23, 2017); *Gomez v. Sec'y of Health & Human Servs.*, No. 15-160V, 2017 WL 587228, at *2 (Fed Cl. Spec. Mstr. Jan. 18, 2017). Mr. Fialkow has over 20 years' experience in the Program, and another ten years' experience with vaccine claims prior to the program's inception. Fees Motion at 11. Following suit with the other special masters (although not binding on my decision), I will award Mr. Fialkow the top end of forum rate—$425 per hour, consistent with his years of relevant experience. In addition, the hours expended on this matter appear to be reasonable.

The requested litigation costs in this case were somewhat high—$29,981.84—as they included not only copying and filing fees, but also expenses related to hiring a life care planner, conservatorship issues, and expert fees. After generally reviewing the costs expended, I find that they are reasonable under the circumstances and complexity of this case, and I will award them in full.

I hereby **GRANT** Petitioner's motion for attorney's fees and costs. Accordingly, an award of $115,761.01 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Neal Fialkow, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to

---

[3] Petitioner did not mention or reference General Order No. 9 in her application for attorney's fees and costs. I find that the Petitioner has waived her right to recover any unreimbursed costs not already awarded herein, given the amount of time that has passed since the damages award in November 2016.

RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.